IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Felicia Banks,** *on behalf of herself and all others similarly situated* | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) **Civil Action No.** |
| **Methodist Le Bonheur Healthcare,** | ) ) |
| Defendant. | ) ) ) |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Felicia Banks (hereinafter, "Plaintiff" or "Ms. Banks"), on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against the Defendant Methodist Le Bonheur Healthcare ("Defendant") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against Defendant for unpaid overtime compensation and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Felicia Banks is an adult resident of Olive Branch, Mississippi.

6. Defendant Methodist Le Bonheur Healthcare, at all times material hereto, was a Tennessee corporation in Shelby County, Tennessee.

7. Methodist Le Bonheur Healthcare may be reached through its registered agent, Monica N. Warton, 1211 Union Avenue, Suite 700, Memphis, Tennessee 38104.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

9. Defendant Methodist Le Bonheur Healthcare is a legal entity licensed to do business in the State of Tennessee and is subject to service of process in Tennessee through its registered agent, Monica N. Wharton. Therefore, this Court has personal jurisdiction over Methodist Le Bonheur Healthcare.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

11. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt Security Department dispatchers and telephone operators who were or are employed by Defendant for the period of three

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

12. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are substantially similar to collective action members or putative collective action members.

13. Plaintiff and putative collective action members are similarly situated because they work or worked as non-exempt employees for Defendant, had similarly job duties, and are or were subject to Defendant's common practice, policy, or plan of failing to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

15. In November 2016, Defendant hired Plaintiff Felicia Banks to work as a Dispatcher in its Security Department.

16. In the last three years, Ms. Banks' rate of pay has ranged from $15.75 to her present rate of $18.20 per hour.

17. Ms. Banks' official work schedule is 2:00 P.M. to 10:30 P.M for five days each week.

18. In addition, Ms. Banks typically picks up at least three more shifts throughout the week.

19. On average, Ms. Banks has worked sixty-eight hours per week during the relevant period.

20. Patricia McGowan has served as Security Department Supervisor since March 2020, with supervisorial authority over Ms. Banks and the other Dispatchers and Telephone Operators.

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

21. From the beginning of Ms. McGowan's tenure, due to a reorganization, the Security Department has been under-staffed, Ms. Banks and the other Dispatchers and Operators were forced to work alone without any backup or relief and were unable to take a bona fide lunch break.

22. Throughout her employment with Defendant, Ms. Banks has kept her time using the company's various payroll systems which automatically deducted a half-hour from each employee's shift for a mealtime break.

23. Until 2021, the timekeeping system that was used by the Security Department did not have a mechanism for employees to report that they were unable to receive a lunch break.

24. Beginning in 2021, the company adopted a new payroll system, Chronos, which allowed employees to report when they were unable to take a lunch break.

25. Once Chronos was implemented, Ms. Banks would report that she was unable to take a lunch break for each shift.

26. In November 2021, Ms. Banks noticed that a 30-minute lunch break was still being deducted from each shift she worked despite the fact that she indicated that she had not taken a lunch break.

27. Ms. Banks notified the Human Resources Department about the improper deductions but no action was taken.

28. In 2022, Ms. Banks' supervisor, Patricia McGowan, instructed her and her coworkers not to use the mechanism on Chronos to indicate they were unable to take a lunch break, despite her knowledge that they were unable to take a bona fide lunch break during their shifts.

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

29. Since that time, on the rare occasion that Ms. Banks has attempted to report that she did not receive a lunch break, Ms. McGowan has deliberately removed the entry.

30. In early 2023, Ms. McGowan told employees that lunch breaks must be taken at the end of each shift while the employees were performing other essential duties of their job, thus preventing them from taking a bona fide lunch break.

31. When Ms. Banks attempted to follow-up with the Human Resources Department about this issue, she was told that she would get a response once they got around to it.

32. On average, Ms. Banks has had four hours per week improperly deducted from her paycheck for lunch breaks which were not taken.

33. Throughout the time Ms. McGowan has supervised the employees of the Security Department, Defendant has not compensated Ms. Banks and similarly-situated employees for their time worked during deducted meal breaks.

34. Throughout the time Ms. McGowan has supervised the employees of the Security Department, Defendant has not paid Ms. Banks and similarly-situated employees an overtime premium, or at least one- and one-half times the regular rate of pay, for their time worked during deducted meal breaks.

**COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT**

35. Ms. Banks realleges and incorporates all allegations above as if actually set forth herein.

36. At all relevant times, Defendant Methodist Le Bonheur Healthcare was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

37. At all relevant times, Defendant "employed" Ms. Banks and employees similarly situated to her within the meaning of the FLSA, 29 U.S.C. § 203(g).

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

38. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed more than forty hours in a work week. 29 U.S.C. § 207(a)(1).

39. At all relevant times, Ms. Banks and similarly situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

40. Ms. Banks and those employees similarly situated to her worked more than forty hours per week.

41. Defendant improperly deducted meal time hours from the timesheets of Ms. Banks and those employees similarly situated to her.

42. Ms. Banks was told by her supervisor Patricia McGowan, as agent of Defendant, not to report meal times untaken to the Defendant.

43. Defendant thus willfully failed and refused to pay Ms. Banks and similarly situated employees for all hours worked and an overtime premium for all hours worked over forty in any given workweek.

44. As a result of Defendant's failure to compensate Ms. Banks and similarly situated employees for their overtime hours at a rate of not less than one and one-half times the regular rate of pay, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

45. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

47. Ms. Banks and similarly situated employees have suffered financial injury as a result of these violations of the FLSA by Defendant and are owed just compensation.

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Felicia Banks, on behalf of herself and all those similarly situated to her, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

2. An award of money damages for unpaid wages, including liquidated damages, in an amount to be determined at trial;

3. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. Designation of Plaintiff Felicia Banks as Representative Plaintiff of the collective action in this FLSA representative action;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

  s/Philip Oliphant_____
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor,
Memphis, TN 38103
844.445.2387 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85

## DECLARATION AND VERIFICATION

      I, Felicia Banks, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*/s/ Felicia Banks*
_____

Date: _03 / 22 / 2023_____

Doc ID: fcefa4359a21e3ab653e6d51af546020ec0cba85



Audit trail

| | |
|---|---|
| **Title** | Felecia Banks Complaint |
| **File name** | Banks Draft Complaint.pdf |
| **Document ID** | fcefa4359a21e3ab653e6d51af546020ec0cba85 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT**  03 / 22 / 2023  15:38:28 UTC-5  Sent for signature to Felecia Banks (flbanks1980@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**  03 / 22 / 2023  15:55:32 UTC-5  Viewed by Felecia Banks (flbanks1980@gmail.com)
IP: 73.203.140.102

**SIGNED**  03 / 22 / 2023  15:59:50 UTC-5  Signed by Felecia Banks (flbanks1980@gmail.com)
IP: 73.203.140.102

**COMPLETED**  03 / 22 / 2023  15:59:50 UTC-5  The document has been completed.

Powered by Dropbox Sign